UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEVARES WILLIAMS,

    *Plaintiff*,                      CASE NO. 09-CV-14770

v.                                  DISTRICT JUDGE DAVID M. LAWSON
                                    MAGISTRATE JUDGE CHARLES E. BINDER
MICHIGAN DEPARTMENT OF
CORRECTIONS,

    *Defendants*.
                             /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief can be granted.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Tavares Williams is a state prisoner who is incarcerated at the Marquette Branch Prison in Marquette, Michigan. On December 8, 2009, Plaintiff filed a *pro se* prisoner civil rights complaint asserting that his rights under the Privacy Act, 5 U.S.C. § 522a(g)(1)(C), were violated by the Michigan Department of Corrections.

On December 16, 2009, Judge David M. Lawson referred all pretrial matters to the undersigned magistrate judge. Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on December 21,

2009. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.      Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

> Further, the law in this circuit is clear that the district court, in performing its initial review, should only consider the complaint and that the plaintiff should not be given the opportunity to amend to avoid *sua sponte* dismissal. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

*Baker v. Thomas*, 86 Fed. App'x 906, 909 (6th Cir. 2004). Likewise, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his or her objections to a report and recommendation. *See Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore*, 114 F.3d at 612 (emphasis added).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and

2

plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). However, the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that a defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth).

### C.   Analysis and Conclusions

In Plaintiff's single-count complaint, he claims that his rights under the Privacy Act, 5 U.S.C. § 522a(g)(1)(C)[1], were violated by Defendant Michigan Department of Corrections (MDOC) when, from January 26, 2005, through May 23, 2005, he was incarcerated, screened, assigned a security classification, and housed in a facility based upon inaccurate information in his MDOC file. Plaintiff has provided documentation to show that although he was sentenced by a state court to an enhanced penalty (25 years instead of 20) because he was a third habitual

---

[1] Under the Act, "[w]henever any agency . . . fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual . . . the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection."

offender, the Judgment of Sentence that accompanied him to the MDOC's intake facility did not state that the period of incarceration had been increased due to his habitual offender status. It did, however, reflect the correct sentence of 25 years. (Compl., Doc. 1 at Ex. A.) A records specialist at the MDOC's Egeler Reception and Guidance Center wrote to the sentencing judge to request clarification. (*Id.* at Ex. B.) The corrected Judgment of Sentence was issued by the sentencing judge on May 23, 2005. (*Id.* at Ex. C.) Plaintiff claims, therefore, that prior to May 23, 2005, he was classified by the MDOC as an "habitual 3rd" despite the MDOC's knowledge that his Judgment of Sentence did not state that he was an habitual offender and that this discrepancy was in violation of his rights under the Privacy Act. (Compl. ¶ 35.)

I suggest that Plaintiff has failed to state a claim upon which relief can be granted. The Privacy Act is a federal statute that only applies to federal agencies. The Privacy Act "governs the responsibilities of federal agencies in the disclosure of, access to, and content of their records concerning individuals." *Miller v. U.S.*, 630 F. Supp. 347 (E.D.N.Y. 1986). "The Federal Privacy Act does not apply to state agencies." *U.S. v. Streich,* 560 F.3d 926, 935 (9th Cir. 2009). Here, Plaintiff claims that the Michigan Department of Corrections – clearly a department of the state of Michigan, not the federal government – violated the Privacy Act, and therefore Plaintiff's claim fails because the law does not apply to a state agency.

I further suggest that Plaintiff has failed to state a claim because it has long been established that, regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama*

*v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), and the state of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment.  *See, e.g ., Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987).  In addition, the state of Michigan (acting through the MDOC) is not a "person"[2] who may be sued under section 1983 for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)).

Accordingly, I suggest that the case be *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1).

---

[2]The text of 42 U.S.C. § 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

**III.    REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  FED. R. CIV. P. 72(b)(2).  *See also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                     s/ *Charles E Binder*
                                                    CHARLES E. BINDER
Dated: December 29, 2009           United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Tevares Williams, #330430, at Marquette Branch Prison, 1960 US-41 South, Marquette, MI, 49855-9131, and served on District Judge Lawson in the traditional manner.

Date: December 29, 2009        By     s/*Jean L. Broucek*
                                             Case Manager to Magistrate Judge Binder