UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEVARES WILLIAMS,

          Plaintiff,          Case Number 09-14770

v.          Honorable David M. Lawson
          Magistrate Judge Charles E. Binder

MICHIGAN DEPARTMENT OF
CORRECTIONS,

          Defendant.
_____/

**ORDER GRANTING THE PLAINTIFF'S MOTION FOR RECONSIDERATION,
VACATING PRIOR ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND JUDGMENT OF DISMISSAL, OVERRULING PLAINTIFF'S OBJECTIONS,
RE-ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, AND DISMISSING COMPLAINT**

This matter is before the Court on the plaintiff's motion for reconsideration of an order entered January 15, 2010 adopting the case-dispositive report and recommendation filed by Magistrate Judge Charles E. Binder, which recommended dismissal of the plaintiff's case *sua sponte* for failure to state a claim. The Court adopted the report after fourteen days had passed without objection from the plaintiff. The plaintiff is a prisoner currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, and he argues that he mailed his objections within the time allowed by Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1), and therefore under the "prison mailbox rule," his objections should be deemed timely. The Court finds that the plaintiff is correct. Therefore, the Court will grant the plaintiff's motion for reconsideration, vacate the judgment of dismissal, and grant *de novo* review to the report and recommendation in light of the plaintiff's objections. On review, the Court finds that the magistrate judge is correct, the plaintiff's objections lack merit, and the case should be dismissed once again.

This case stems from drafting mistakes by the Wayne County, Michigan circuit judge that sentenced the plaintiff to his current prison term, and her failure to make adequate corrections to the records. The plaintiff was sentenced on January 21, 2005 as a third habitual felony offender to concurrent prison terms of 25 to 40 years for kidnaping, carjacking and first-degree home invasion, and another concurrent term of three to eight years for felonious assault. Apparently, the judgment of sentence prepared by state court judge Annette J. Berry failed to state that the sentence was based on the habitual offender enhancement under Mich. Comp. Laws § 769.11. The plaintiff contends that omission resulted in improper placement and incorrect classification, as well as in incorrect (albeit shorter) parole dates. Without the corrected Judgment of Sentence, defendant Michigan Department of Corrections (MDOC) could not update the plaintiff's file, so it sent a letter to Judge Berry to correct the judgment. Judge Berry responded by sending an amended judgment of sentence, but this judgment was defective because it did not have the embossed seal of the court, which the MDOC apparently must have to validate the sentence. The MDOC sent another letter to Judge Berry, and it remains unclear whether Judge Berry and the MDOC were able to resolve the problem. The plaintiff, who continuously inquired about the status of his MDOC file from various officials, received conflicting reports. He filed a grievance regarding this matter and, after exhausting his remedies with the MDOC, filed the present action on December 8, 2009 alleging a violation of the Privacy Act, 5 U.S.C. § 552a(g)(1)(C).

On December 16, 2009, this Court referred all pretrial matters to Magistrate Judge Charles E. Binder. On December 21, 2009, Judge Binder granted the plaintiff's application to proceed *in forma pauperis*, and on December 29, 2009 he filed his report recommending *sua sponte* dismissal of the case at the screening stage pursuant to 28 U.S.C. § 1915A(b), 1915e(2)(B), and 42 U.S.C. §

1997e(c)(1). Because the plaintiff did not file a timely objection to the report, on January 15, 2010 the Court entered an order adopting the magistrate judge's report and recommendation.

The plaintiff's objections, which he signed January 13, 2010, did not reach the Court until January 21, 2010. On February 2, 2010, the plaintiff filed a motion for reconsideration. Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).

Under the "prison mailbox rule" announced in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), a pleading is considered "filed" by a *pro se* prisoner when it is given to a prison official for mailing. In this case, the plaintiff signed his objections, and presumably gave the objections to a prison official for mailing, on January 13, 2010. The report and recommendation was entered on December 29, 2009. Applying the prison mail box rule, the plaintiff's objections to the report and recommendation were timely. Therefore, the Court will grant the plaintiff's motion for reconsideration.

The magistrate judge concluded in his report that the complaint fails to state a claim because the Privacy Act, on which the sole count in the complaint is based, applies only to federal agencies, and the MDOC is not a federal agency. The magistrate judge also suggested that the complaint fails to state a claim because the MDOC is immune from a suit for money damages under the Eleventh Amendment. *See Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).

The plaintiff has lodged several objections to the report and recommendation. First, he objects to the magistrate judge's reliance on unpublished cases because those cases are not available in the prison library and therefore it is unfair for the magistrate judge to rely on them. Second, he takes issue with the magistrate judge's statement that the MDOC has absolute immunity from the suit, stating that "something, [because Plaintiff does not have access to read these cases] must clearly be wrong, because 42 USC § 1983, was created to challenge the conditions of confinement, [within prisons, hospitals, mental facilities, etc.]." Obj. at 2-3 (brackets in the original).

Third, the plaintiff objects to some of the magistrate judge's characterizations of the claim. For example, he contends that some of the magistrate judge's statements cast the plaintiff's case as an attack on his underlying sentences, whereas he actually does not wish to challenge his sentences, only the conditions of his confinement. Fourth, the plaintiff asserts that the Privacy Act does apply to MDOC on the same premise that some other federal statutes — such as the Family Educational Rights and Privacy Act — apply to entities that receive massive amounts of federal funding. The plaintiff's related argument is equity-based: "abiding by the federal statutes would clearly be for the betterment of the United States in that . . . to follow the created statutes are for the betterment of the United States." Obj. at 6. Finally, the plaintiff argues that while state entities such as MDOC could avail themselves of qualified immunity, this doctrine should not apply here because the violation in the case at hand is serious, the defendant willfully disregarded obligations imposed on it by the Privacy Act, and the plaintiff did everything within his personal power to help the defendant correct the judgment information. Because the MDOC so "clearly and wantonly" denied the plaintiff his rights under the Act, reasons the plaintiff, it is not entitled to qualified immunity.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

Congress has mandated that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.") (Emphasis added.). In addition, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Sua sponte* dismissal is

appropriate if the prisoner civil rights complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and is held to "less stringent standards" than a complaint drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 81, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prisoners if they "fail to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The Court agrees with the magistrate judge that the one-count complaint filed by the plaintiff lacks an arguable basis in law. The Privacy Act does provide a private cause of action whenever a federal agency

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

5 U.S.C. § 552a(g)(1)(C). However, It is well settled that "the Privacy Act applies solely to federal agencies." *Schmitt v. City of Detroit*, 395 F.3d 327, 328 (6th Cir. 2005); *see also Polchowski v.*

*Gorris*, 714 F.2d 749, 752 (7th Cir. 1983) ("[T]he bill, as originally introduced, contained a remedy for improper disclosures by state authorities; these provisions were deleted, however, because of the uncertain effect of such a provision and because Congress felt that it lacked the necessary information for devising a remedial scheme in this context") (citing 1974 U.S. Code Cong. & Adm. News at 6933-34) (footnote omitted); *cf. Stoianoff v. Comm'r of Motor Vehicles*, 107 F. Supp. 2d 439, 442 (S.D.N.Y. 2000) (observing that § 7(a), which would have made it unlawful for any state or federal agency to deny a person a benefit for failure to submit a Social Security number, was "never codified"); Jay M. Zittler, Annot., *What is Agency Subject to Privacy Act Provisions*, 150 A.L.R. Fed. 521, 530 (1998) ("The statutory definition of 'agency' would appear to be referring to federal agencies only") (collecting cases). No citation is required for the proposition that MDOC is not a *federal* agency, and the plaintiff concedes as much. Given these well-established principles, the plaintiff's Spending Clause argument by which he analogizes to other federal legislation makes little sense. Therefore, the plaintiff's complaint fails to state a claim upon which relief could be granted. *Schmidt*, 395 F.3d at 1328 (granting a Rule 12(b)(6) motion where the complaint alleged a Privacy Act violation against a municipality). It follows, then, that the magistrate judge properly recommended the dismissal of the plaintiff's complaint *sua sponte*.

The plaintiff's objections do not address this fundamental defect in the complaint. They merely opine that the unavoidable legal conclusion cannot be so. But it is, and the complaint must be dismissed.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt. # 10] is **GRANTED**.

It is further **ORDERED** that the Court's January 15, 2010 Order Adopting Report and Recommendation and Dismissing the Plaintiff's Complaint and the Judgment filed on the same date [dkts. # 7-8] are **VACATED**.

Upon *de novo* review of the report and recommendation in light of the plaintiff's objections, it is further **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation [dkt #9] are **OVERRULED**.

It is further **ORDERED** that the report and recommendation [dkt #6] is **ADOPTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

                                              s/David M. Lawson
                                              DAVID M. LAWSON
                                              United States District Judge

Dated: July 20, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 20, 2010.

                              s/Teresa Scott-Feijoo
                              TERESA SCOTT-FEIJOO